PER CURIAM.
Appellant, Tracy L. Collier, contends that the trial court committed fundamental error when it failed to instruct on the element of intent in charging the jury on the crime of escape. While the escape instruction given deviated from the standard jury instruction by omitting the phrase “intending to avoid lawful confinement,” we conclude that the court adequately instructed the jury regarding the intent element of escape by including the phrase “by leaving without permission” to modify the term “escape” in the third section of the instruction. See Howell v. State, 503 So.2d 409 (Fla. 1st DCA 1987) (holding that escape instruction given to the jury sufficiently articulated the elements of escape as set forth in section 944.40, Florida Statutes, even though it deviated from the standard jury instruction). We therefore decline to find fundamental error as to this issue.
Turning to appellant’s jury challenges, we conclude that the issue was not preserved in regard to juror Mulligan, because Collier did not renew his objection to the ruling on Mulligan or accept the jury subject to his previous objections. See *64 Ault v. State, 866 So.2d 674, 683, 2003 WL 22508502 (Fla. Nov. 6, 2003). Although Collier adequately preserved the issue as to juror Lloyd by renewing his. objection to the court’s refusal'to strike her for cause after all of his peremptory challenges had been exhausted, the record contains insufficient evidence to conclude that the judge abused his discretion by refusing to excuse Lloyd for cause.
AFFIRMED.
WOLF, C.J., ERVIN and PADOVANO, JJ., concur.